# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4753 | **DATE** | 3/14/2002 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. STANLEY J. GAYNOR, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the government's motion for reconsideration of Magistrate Judge Ashman's protective order is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 02 MAR 14 PM 1:55 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
MAR 1 5 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 C 4753 |
| ) | Paul E. Plunkett, Senior Judge |
| STANLEY J. GAYNOR, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| REVENUE, ) | |
| Counter/Crossplaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Counter/Crossdefendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the government's motion for reconsideration of the protective order entered by Magistrate Judge Ashman on January 10, 2002. For the reasons set forth below, the motion is granted in part and denied in part.

## The Legal Standard

Federal Rule of Civil Procedure ("Rule") 72 directs the Court to consider any timely objections to a magistrate judge's nondispositive order and to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72 (a); see 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [decided by a magistrate judge] where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

## Discussion

"As a general proposition, pretrial discovery must take place in . . . public unless compelling reasons exist for denying the public access to the proceedings." Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994) (internal quotation marks, alterations and citation omitted); see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) (noting that the public has "an interest in what goes on at all stages of a judicial proceeding"). That standard is embodied in Rule 26(c), which permits the Court to issue a protective order only "for good cause shown." FED. R. CIV. P. 26(c). To determine whether good cause exists, the Court must balance the public's interest in the proceeding against the "property and privacy interests of the litigants." Citizens First Nat'l Bank, 178 F.3d at 945. Good cause exists "only if the latter interests predominate in [a] particular case." Id.

Among the documents the government seeks in discovery are the Gaynors' bank statements, utility bills, repair bills, wills, trusts and other estate planning documents and tax returns. (See Gaynors' Jt. Mot. Entry Protective Order, Exs. B & C.) The government says that such documents, which are routinely sought in litigation, generally are, and should be, available for public inspection. (1/8/02 Hr'g Tr. at 9-10.) The Gaynors say they will suffer embarrassment if "estate planning information and personal financial information beyond the scope of the litigation" are made available to the public. (Id. at 12; Protective Order ¶ 2.)

To resolve the dispute, Magistrate Judge Ashman balanced the public's interest in open legal proceedings against the Gaynors' right to protect personal information from public disclosure. (1/8/02 Hr'g Tr. at 15-16.) The Gaynors are not public officials and this suit does not involve issues of widespread public concern. Thus, the public's interest in the discovery in this case is relatively small. The Gaynors, however, the Magistrate Judge said, have a significant interest in protecting from disclosure sensitive financial and estate planning information like the identities of their beneficiaries. (Id. at 15.) On balance, the Magistrate Judge concluded, the Gaynors' "privacy interests ... trump" the "public's right to know what is going on in the court system," and thus, he issued the protective order. (Id. at 15-16.)

The government argues that the protective order should not have been issued because the Gaynors did not demonstrate good cause. Rather, the government says, the Gaynors made nothing more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." (See United States' Mot. Recons. Magistrate's Non-Dispositive Protective Order at 7 (quoting Cipollone v. Liggett Group, 785 F.2d 1109, 1121 (3rd Cir. 1986)). But, as the Magistrate Judge noted, the Gaynors did articulate a reason for seeking protection for their estate planning

documents: to avoid the disappointment or wrath of would-be beneficiaries. (See 1/8/02 Hr'g Tr. at 11-12, 15.) Moreover, Magistrate Judge Ashman said, Mrs. Gaynors' tax returns should be protected because they are, as a matter of public policy, presumptively confidential.[1] (Id. at 6-7.) These considerations, the Magistrate Judge concluded, constituted good cause for issuing a protective order. (Id. at 14-16.) Though we may have decided the issue differently, we cannot say that Magistrate Judge Ashman's conclusion with respect to those documents is clearly erroneous. See Weeks, 126 F.3d at 943.

The protective order is not, however, limited to the Gaynors' estate planning documents and Mrs. Gaynor's tax returns. It also protects other unspecified "personal financial information." (Protective Order ¶ 2.) Among the documents the Gaynors include under that heading are bank statements, check registers, utility bills, repair bills and real estate tax documentation. (See Gaynors' Jt. Resp. Mot. Recons. at 4-5.) The only reason the Gaynors offered to the Magistrate Judge for shielding those documents from disclosure was a fear of embarrassment. (1/8/02 Hr'g Tr. 12-13.) A generalized fear of embarrassment, however, is not good cause for a protective order. Rather, "an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious" before a protective order will issue. Cippollone, 785 F.2d at 1121.

Though we can imagine reasons for wanting to protect bank records, which might reveal ongoing medical treatment or support for unpopular causes, the Gaynors offered no such reasons to the Magistrate Judge. They also did not explain to him why disclosure of their home repair bills, utility bills and real estate tax documents, which are not generally regarded as sensitive documents,

---

[1]Mr. Gaynor does not assert that his tax returns are confidential. (Id. at 8.)

-4-

would embarrass them. Without such explanations, the Gaynors did not establish good cause for a protective order. Absent good cause, it was error for the Magistrate Judge to include these documents within the scope of the protective order.

## Conclusion

For the reasons set forth above, the government's motion for reconsideration of Magistrate Judge Ashman's protective order is granted in part and denied in part. Sentence two of paragraph two of the protective order is modified to state in its entirety: "Information or material has met the Confidentiality Criteria if such information or material contains or discloses estate planning information or constitutes Jo Ann Gaynor's income tax returns." Moreover, by agreement of the parties, paragraph three of the protective order is modified to permit disclosure of confidential information to employees of private court reporting and transcription services.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: *March 14, 2002*