# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4753 | **DATE** | 8/30/2002 |
| **CASE TITLE** | USA vs. STANLEY J. GAYNOR, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Rule 46 motion for summary judgment on its claim for a money judgment against defendant Mr. Gaynor is granted and the Rule 54(b) motion is denied. Status hearing set for 09/17/02 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TBK

date docketed: SEP 03 2002

Document Number: 66



SEP 0 3 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 C 4753 |
| ) | Paul E. Plunkett, Senior Judge |
| STANLEY J. GAYNOR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the government's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment on its claim for a money judgment against Mr. Gaynor and its motion to enter final judgment on that claim pursuant to Rule 54(b). For the reasons set forth below, the summary judgment motion is granted and the Rule 54(b) motion is denied.

### The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls



of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Facts

In October 1993, Stanley Gaynor filed his federal income tax return for 1992. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 3.) That return showed a tax liability of $1,653,118.00. (Id.)

On January 10, 1994, a delegate of the Secretary of the Treasury made an assessment against Mr. Gaynor for income tax, penalties and interest for the year 1992 of $1,813,962.00. (Id. ¶ 4.) Notice of the assessment and demand for its payment were sent to Mr. Gaynor within five days of the date of the assessment. (Id. ¶ 5.)

Mr. Gaynor has yet to pay the assessment in full and, though he disputes the amount, the government says he now owes more than $3,697,340.68 in unpaid taxes, interest, and penalties. (Id.)

## Discussion

The government's "calculation of tax assessments is presumed to be correct, and the taxpayer bears the burden of rebutting this presumption." Estate of Starkey v. United States, 223 F.3d 694, 698 (7th Cir. 2000). Mr. Gaynor admits that the government's initial assessment of his tax liability for 1992, $1,813,962.00, is correct, but contends that the amount it currently seeks, $3,697,340.68, is too high. According to Mr. Gaynor, the government has failed to credit him more than $200,000.00 that should have been paid to the IRS on his behalf between 1998 and 2000. (See Pl.'s LR 56 1(b)(3)(B) Stmt. ¶ 8.)

Those payments, Mr. Gaynor says, were supposed to have been made on his behalf by Koll Management Services pursuant to a consulting agreement between them. But the record contains no evidence to suggest that Koll ever made, or even proffered, those payments to the IRS. Koll's alleged failure to make those payments might constitute a breach of its agreement with Mr. Gaynor, but it does not provide Mr. Gaynor with a defense to the government's claim. Because Mr. Gaynor has offered no evidence to suggest that the government's initial assessment of his 1992 tax liability or its calculation of the amount currently due are incorrect, the government's motion for summary judgment on this claim is granted.

The government also asks the Court to enter a final judgment on this claim pursuant to Rule 54(b). In relevant part, that Rule provides: "When more than one claim is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The government contends that a Rule 54(b) judgment is appropriate in this case because: (1) there is no legal or factual overlap between this claim and its remaining claims for foreclosure of a tax lien; and (2) delay will adversely impact its ability to collect the outstanding debt from Mr. Gaynor.

The Court disagrees. The issue with respect to the claim for a money judgment is whether Mr. Gaynor, in fact, owes the amount the government seeks to collect from him. Mr. Gaynor's liability for the amount assessed against him is also a threshold issue for the foreclosure claims. See 26 U.S.C. § 6321 ("If any person *liable to pay* any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United

States upon all property and rights to property, whether real or personal, belonging to such person.") (emphasis added). Because the money judgment claim is not, as the government contends, wholly distinct from the foreclosure claims, entering a Rule 54(b) judgment would create the risk of duplicative appellate review, a risk the Seventh Circuit has instructed us to avoid. See ODC Communications Corp. v. Wenruth Investments, 826 F.2d 509, 512 (7th Cir. 1987) (stating that the word "[c]laim under Rule 54(b) is defined with a view to avoiding double appellate review of the same issues") (internal quotation marks and citation omitted).

Even if the money judgment claim were entirely independent of the foreclosure claims, we could not certify that there is no just reason for delay in this case. The government says that delay might hamper its ability to recover the amount due, a somewhat disingenuous claim given the history of this case. The government assessed Mr. Gaynor's 1992 tax liability on January 10, 1994, but did not file this suit until June 22, 2001, though Mr. Gaynor made little effort in the intervening years to pay that debt. Having waited more than seven years to collect, the government cannot credibly contend that a delay of a few months more will seriously impair its interests.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on the government's claim for a money judgment against Mr. Gaynor. The government's motion for summary judgment on that claim is, therefore, granted. The government's motion for entry of a Rule 54(b) judgment on that claim is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: August 30, 2002